■ Roy Lewis, Respondent, v. Village of Deposit et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered May 11, 1971 in Broome County, which denied defendants' motions to dismiss a complaint for failure to state a cause of action and for summary judgment. Respondent was arrested on May 19, 1969 and charged with violation of the zoning ordinance of the Village of Deposit. He was acquitted after trial on October 13, 1969. Prior thereto, on July 25, 1969, respondent instituted this action alleging "false arrest" and "false imprisonment". Respondent concedes that a cause of action for false arrest was not made out in his complaint, nor did Special Term consider the action to be one for false arrest or false imprisonment, since the respondent was lawfully arrested pursuant to a warrant based on an information sufficient on its face. Special Term, however, found that the facts supported an action for malicious prosecution, and respondent here contends that the complaint, when read with the bill of particulars, does state a cause of action for malicious prosecution. In disposing of a motion to dismiss for failure to state a cause of action, a challenged complaint must be construed liberally in favor of the plaintiff (CPLR 3026). But, at a minimum, a valid complaint must include all material elements of the cause of action (CPLR 3013; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.03; *Foley* v. *D'Agostino,* 21 A D 2d 60). Although a bill of particulars may be read together with a complaint to amplify the allegations of the complaint (*May Metropolitan Corp.* v. *May Oil Burner Corp.,* 290 N. Y. 260), a bill may not be used to supply an essential allegation which is lacking in the pleading (*Melino* v. *Tougher Heating & Plumbing Co.,* 23 A D 2d 616). Respondent was unable to allege one of the required elements of malicious prosecution, that the judicial proceeding instituted by the appellants was terminated in his favor (*Halberstadt* v. *New York Life Ins. Co.,* 194 N. Y. 1) since the criminal proceeding against the respondent was not successfully terminated until nearly three months after the complaint was served. The bill of particulars could not be employed to cure this fatal deficiency. Order reversed, on the law and the facts, and motion to dismiss the complaint granted, without costs. Staley, Jr., J. P., Greenblott, Simons, Kane and Reynolds, JJ., concur.