## SECOND DEPARTMENT, NOVEMBER, 1977

### (November 7, 1977)

■ BUILDERS COUNCIL OF SUBURBAN NEW YORK, INC., et al., Appellants, v RENT GUIDELINES BOARD OF WESTCHESTER COUNTY et al., Respondents, et al., Intervenors-Defendants-Respondents.—In an action, *inter alia,* to declare the rent guildelines promulgated by the Rent Guidelines Board of Westchester County to be invalid, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered January 18, 1977, which, after a nonjury trial, declared the guidelines to be legal and valid. Judgment affirmed, with costs, upon the opinion of Mr. Justice Trainor at Trial Term. Margett, J. P., Rabin, Titone and Mollen, JJ., concur.

■ ANTHONY F. DE LUCA, Plaintiff, v ITEK CORPORATION, Defendant and Third-Party Plaintiff-Respondent. BUTTERICK FASHION MARKETING CO., Appellant.—In a negligence action to recover damages for personal injuries, the third-party defendant Butterick Fashion Marketing Co. appeals from an order of the Supreme Court, Kings County, dated April 8, 1977, which denied its motion to dismiss the third-party complaint on the ground that it fails to state a cause of action. Order reversed, with $50 costs and disbursements, and motion to dismiss granted, without prejudice to the service of an amended third-party complaint. Respondent's time to serve an amended third-party complaint is extended until 20 days after service upon it of a copy of the order to be made herein, with notice of entry thereof. The third-party complaint does not set forth the material elements of a cause of action in negligence (see CPLR 3013). What the third-party complaint states, rather, is that if the plaintiff in the main action recovers, then the damages were caused by the negligence of the third-party defendant-appellant; and, in that event, defendant third-party plaintiff-respondent is allegedly entitled to be indemnified by the third-party defendant or there should be an apportionment of responsibility. This in no way indicates what respondent intends to prove respecting how the third-party defendant breached its duty to the plaintiff and was negligent. The third-party complaint fails to state the material elements of a cause of action (see CPLR 3013; *Lewis v Village of Deposit,* 40 AD2d 730, affd 33 NY2d 532; *Foley v D'Agostino,* 21 AD2d 60). Gulotta, P. J., Latham, Damiani and O'Connor, JJ., concur.