■ BRIAN WILSON, an Infant, by JAMES WILSON, his Father and Natural Guardian, Appellant, v SEARS, ROEBUCK AND COMPANY et al., Respondents. (Appeal No. 2.)—Judgment unanimously reversed, on the law, with costs, and counterclaim dismissed. Memorandum: The infant plaintiff, by his father, sued the retailer and the manufacturer of a deep fryer for injuries the infant received when, due to a design defect in the seating for the cover of the fryer, his hands became immersed in boiling fat. The retailer and the manufacturer counterclaimed against the father for contribution. The jury returned a verdict in favor of the infant against the retailer and the manufacturer in the amount of $400,000, and found that the father was 10% to blame for his son's injuries. Accordingly, the retailer and the manufacturer entered a judgment against the father in the amount of $40,000 from which the father appeals.

We reverse. The fault, if any, on the part of the father was in negligently supervising his infant son by permitting him to come too close to the deep fryer containing the boiling fat. Generally, no cause of action accrues to a third party by reason of the parent's negligent supervision of the child *(Holodook v Spencer,* 36 NY2d 35). Here, the negligence of the father was no more than negligent supervision as was the negligence of the mother who ran hot water into a bathtub and left it unattended, permitting her infant child to fall into the tub and suffer severe burns *(Zikely v Zikely,* 98 AD2d 815, *affd* 62 NY2d 907). We agree with the *Zikely (supra,* p 816) court that "it becomes too easy to avoid the *Holodook* holding by characterizing some act by a parent as an affirmative step in creating the danger for the child. Every time a parent plugged in an iron, started a toaster, or boiled a pot of water

on the stove, he would be subjected to potential liability if an unsupervised child came into contact with these common, daily household hazards in a manner which resulted in injury."

Nor do the facts here fall within the exception created in *Nolechek v Gesuale* (46 NY2d 332). There the Court of Appeals held that although an infant has no cause of action against a parent for his negligent supervision in entrusting the infant with a dangerous instrument, third parties who contribute to the injuries of the child do have a cause of action for contribution against the negligent parent. The rationale of the decision is that parents owe "a duty to protect third parties from the foreseeable harm that results from the children's improvident use of dangerous instruments, to the extent that such use is subject to parental control" *(Nolechek v Gesuale, supra,* p 340). Thus, in *Nolechek (supra),* the father was liable for contribution when he entrusted his nearly blind son with a motorcycle. Under the circumstances, the motorcycle was a dangerous instrument in the hands of his son which foreseeably could cause physical injury to third parties. As a consequence, the father owed a duty to the third parties whether they were injured directly by the motorcycle or indirectly by being compelled to pay damages to the injured infant. Here, unlike *Nolechek (supra),* the actions of the father were not likely to cause physical injury to third parties. The father did not entrust his son with a dangerous instrument so that it might cause injury to a third party, nor did he himself perform an act that was likely to cause injury to parties outside of his household. Thus, he owed no duty to the defendants in this case and they have no cause of action against him. (Appeal from judgment of Supreme Court, Erie County, Sedita, J.—contribution.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.