■ KENNETH KELCHNER, Individually and as Father and Natural Guardian of JENNIFER KELCHNER, an Infant, Respondent, v JOHN DEERE COMPANY et al., Appellants and Third-Party Plaintiffs-Appellants. JOAN KELCHNER, Third-Party Defendant-Respondent, et al., Third-Party Defendant. (Appeal No. 1.)—Order unanimously affirmed with costs. Memorandum: Plaintiff brought suit on behalf of his four-year-old daughter who was seriously injured when a John Deere tractor mower, operated by her grandfather, backed over her. Defendants John Deere Co. and Deere & Co., manufacturers of the tractor, interposed counterclaims against plaintiff and brought a third-party action against the infant's mother. In each pleading, defendants asserted claims of negligent supervision of the child and negligent entrustment of a dangerous instrument to the child. The parents successfully moved for summary judgment dismissing the claims against them. Defendants moved to renew the motion on the basis of evidence that when the accident occurred the infant had been riding on the "EZ Rake" attachment to the tractor. The motion was denied and defendants appeal from both orders. We affirm.

Since a child has no cause of action against a parent for

negligent supervision, joint tort-feasors are not entitled to contribution from parents for liability resulting in part from negligent supervision *(see, Holodook v Spencer,* 36 NY3d 35, 51; *see also, Smith v Sapienza,* 52 NY2d 82). Contrary to the argument advanced by defendants, the principle enunciated in *Holodook* has expressly been reaffirmed by the Court of Appeals *(see, Garrett v Holiday Inns,* 58 NY2d 253, 260; *Nolechek v Gesuale,* 46 NY2d 332, 340). Thus defendants' counterclaims and third-party complaint were properly dismissed.

Defendants' claims for contribution on their causes of action for negligent entrustment of a dangerous instrumentality also must fail. Defendants contend that the evidence indicating that the infant had been riding on the lawn mower attachment when the accident occurred demonstrates that the parents may have negligently entrusted the lawn mower unit to the child. We disagree.

It is now well established that "a parent owes a duty to third parties to shield them from an infant child's improvident use of a dangerous instrument * * * when the parent is aware of and capable of controlling its use" *(Nolechek v Gesuale,* 46 NY2d 332, 338, *supra; see also, Alessi v Alessi,* 103 AD2d 1023). The rule prevails even though the child has no cause of action against the parent for negligent entrustment of the dangerous instrument *(see, Nolechek v Gesuale, supra,* at 338). Here, quite apart from the absence in the record of any evidence that the parents were aware that the child was riding on the unit as the grandfather operated the tractor, we conclude that the parents breached no duty owing to defendants. To establish a cause of action for negligent entrustment, the conduct complained of must create a danger to the public at large *(see, Nolechek v Gesuale, supra,* at 341). Permitting the child to ride on the attachment endangered the child but her presence as a passenger was not likely to cause injury to a third party *(see, Wilson v Sears, Roebuck & Co.,* 126 AD2d 954, 955). The parents' fault, if any, was in negligently supervising the child's conduct. (Appeal from order of Supreme Court, Onondaga County, Mordue, J.—dismiss counterclaims and third-party action.) Present—Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.