■ ROBERT DROUGHT, an Infant, by HELEN HORTON, as Guardian ad Litem, Appellant, v NEW YORK STATE PSYCHIATRIC INSTITUTE et al., Respondents. [615 NYS2d 71] —In an action to recover damages for false imprisonment, and professional

malpractice, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered January 19, 1993, as granted the defendants' cross motion and dismissed the complaint on the grounds of lack of subject matter jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this lawsuit against the defendants in Supreme Court, Westchester County, to recover damages for duress, false imprisonment, intentional infliction of mental distress, and professional (psychiatric) malpractice. Upon the defendants' motion, the court dismissed the action on the grounds that it lacked subject matter jurisdiction, and that the action should have been brought in the Court of Claims, since the defendants were either State agencies or State employees acting within the scope of their employment.

The plaintiff's sole contention on this appeal is that there was not sufficient proof that each and every defendant was immune from suit in the Supreme Court under the provisions of the Court of Claims Act. We disagree.

Under Mental Hygiene Law § 7.17 (b), the defendant New York State Psychiatric Institute is one of the hospitals named "for the care, treatment and rehabilitation of the mentally disabled". The section also designates the institute as one of two institutes "for the conduct of medical research and other scientific investigation directed towards furthering knowledge of the etiology, diagnosis, treatment and prevention of mental illness". The 1991 Annual Report of the Institute, which is a part of the record on this appeal, shows that the institute is divided into several "Research and Clinical Departments", that the Washington Heights Community Service is one of these departments and provides "a full range of inpatient and outpatient treatment to severely and persistently mentally ill patients in Northern Manhattan", and that defendant Sexual Behavior Clinic is an office within the Washington Heights Community Service program.

The defendant Meg S. Kaplan was employed as the director of the clinic. The defendant Martinez was employed as a scientist/therapist at the clinic. Since all the defendants were either State agencies or State officials acting in their official capacities, the plaintiff should have brought his action in the Court of Claims (see, Court of Claims Act, art II, § 9; *Morell v Balasubramanian*, 70 NY2d 297; *Schaffer v Evans*, 57 NY2d

992; *Sinhogar v Parry,* 53 NY2d 424). Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.