■ Sean J. McNamara, Individually and as Father and Natural Guardian of Sean A. McNamara, an Infant, Plaintiff, v Timothy Banney et al., Defendants. Thomas M. Boeck et al., Third-Party Plaintiffs, v Karen Kline, Third-Party Defendant-Respondent. Timothy Banney, Second Third-Party Plaintiff-Respondent, v Sean J. McNamara et al, Second Third-Party Defendants-Appellants. [643 NYS2d 800] —Appeal from order insofar as it denied reargument unanimously dismissed and order modified on the law and as modified affirmed with costs to second third-party defendants in accordance with the following Memorandum: During the early morning hours of August 10, 1985, plaintiff, Sean J. McNamara, raised the window in the second-story bedroom occupied by his infant son about two inches, to increase air circulation in the room. When plaintiff and his wife, Mary Jo, left for work, the baby sitter was asleep on a couch in the living room. The child awoke, opened the window wider and fell from the window to the ground, sustaining serious injuries. Plaintiff commenced this action against Timothy Banney, the owner of the premises, and Thomas M. Boeck, Martin R. Busch and B & B Construction, contractors hired by Banney to repair and replace windows at the residence, alleging that they were negligent in removing storm or screen windows and in failing to provide a guard or other safety device to prevent his son's fall. The contractors commenced a third-party action against Karen Kline, the baby sitter. Banney commenced this second third-party action against plaintiff and his wife (McNamaras), who failed to answer the second third-party complaint, and Banney obtained a default judgment.

Supreme Court should have granted that part of the McNamaras' motion seeking to vacate the default judgment against plaintiff pursuant to CPLR 5015 (a). CPLR 1007 authorizes the commencement of a third-party action against any "person [who is] not a party". Because plaintiff was a party to the action, commencement of the second third-party action against him was improper. The court should have treated the third-party complaint, insofar as it purported to assert a cause of action against plaintiff, as a counterclaim. Plaintiff presented a reasonable excuse for his default in replying to that pleading. Further, the counterclaim fails to state a cause of action (see, De Luca v Itek Corp., 59 AD2d 885) and, even assuming that it states a cause of action premised upon parental negligent supervision or negligent entrustment, such a cause of action would be of dubious merit (see, Zikely v Zikely, 98 AD2d 815, affd 62 NY2d 907; Kelchner v John Deere Co., 149 AD2d 911, lv dismissed 74 NY2d 890; Wilson v Sears, Roebuck

& *Co.*, 126 AD2d 954). Thus, plaintiff established the existence of a meritorious defense. We modify the order, therefore, by vacating the default judgment against plaintiff and by directing that the second third-party complaint against him be treated as a counterclaim and that plaintiff serve a reply to the counterclaim or move to dismiss it within 20 days of service of a copy of the order of this Court with notice of entry.

Because Mary Jo McNamara is not a plaintiff in the main action, Banney's commencement of the second third-party action against her was not improper. We nevertheless conclude that the court should have granted the motion to vacate the default judgment against her. Mary Jo presented a valid excuse for her default in answering and, like plaintiff, she has a meritorious defense. The prior cross motion of Mary Jo McNamara to dismiss the second third-party complaint, made in opposition to Banney's motion for a default judgment, was untimely (*see,* CPLR 3211 [e]), however, and there is no pending motion to dismiss. Thus, we further modify the order by vacating the default judgment against Mary Jo McNamara upon condition that she serve an answer to the second third-party complaint or move to dismiss it within 20 days of service of a copy of the order of this Court with notice of entry.

No appeal lies from an order denying reargument (*Empire Ins. Co. v Food City,* 167 AD2d 983, 984). Thus, the appeal from that portion of the order denying the motion of the McNamaras for leave to reargue their prior motion to dismiss is dismissed. (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Vacate Default Judgment.) Present—Denman, P. J., Pine, Fallon, Wesley and Balio, JJ.