■ SEAN J. MCNAMARA, Individually and as Father and Natural Guardian of SEAN A. MCNAMARA, an Infant, Plaintiff, v TIMOTHY BANNEY et al., Defendants. THOMAS M. BOECK et al., Third-Party Plaintiffs, v KAREN KLINE, Third-Party Defendant-Respondent. TIMOTHY BANNEY, Second Third-Party Plaintiff-Respondent, v SEAN J. MCNAMARA et al., Second Third-Party Defendants-Appellants. [672 NYS2d 569] —Order unanimously reversed on the law with costs, motion granted and counterclaim and second third-party complaint dismissed. Memorandum: During the early morning hours of August 10, 1985, plaintiff raised the window in the second-story bedroom occupied by his infant son about two inches to increase air circulation in the room. When plaintiff and his wife left for

work, the baby-sitter was asleep on a couch in the living room. The child awoke, opened the window wider and fell from the window. Plaintiff commenced this action against defendant Timothy Banney, the owner of the building, and contractors hired by Banney to repair and replace windows in the building. The complaint alleges that defendants were negligent in removing storm or screen windows and in failing to provide a guard or other safety device to prevent the child's fall. Banney commenced a second third-party action against plaintiff and his wife seeking contribution and indemnification. On a prior appeal, we deemed the second third-party complaint against plaintiff to be a counterclaim and vacated the default judgment against plaintiff and his wife upon the condition that they serve responsive pleadings or move to dismiss the counterclaim against plaintiff and the second third-party complaint against his wife within 20 days of service of a copy of the order of this Court with notice of entry (*McNamara v Banney*, 227 AD2d 892).

Supreme Court erred in denying the motion of plaintiff and his wife to dismiss the counterclaim and second third-party complaint, respectively. It is settled law that parents cannot be held liable to their children for the negligent failure to provide adequate supervision (*see, Holodook v Spencer*, 36 NY2d 35, 40-41). Further, a third party cannot impose liability upon parents for contribution or indemnification unless the culpable act committed by the parents violated a duty owed to the world at large or unless a dangerous instrumentality was entrusted to the child, the use of which caused injury or harm (*see, Nolechek v Gesuale*, 46 NY2d 332, 338-339; *Holodook v Spencer, supra*, at 50-51). We reject the contention of Banney that the conduct of plaintiff in opening the window two inches to provide air circulation for his sleeping infant son violated a duty owed to the world at large. That conduct exposed only the infant son and his sibling to danger and thus was encompassed within the intrafamily immunity for negligent parental supervision (*see, Zikely v Zikely*, 98 AD2d 815, *affd* 62 NY2d 907; *Wilson v Sears, Roebuck & Co.*, 126 AD2d 954). With respect to plaintiff's wife, the only allegation concerning her is that she failed to provide adequate supervision for her child. (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Dismiss Pleading.) Present—Lawton, J. P., Hayes, Callahan, Balio and Boehm, JJ.