■ TARA N. BURGESS et al., Individually and as Parents and Natural Guardians of SEAN D. BURGESS, an Infant, Respondents, v DANIEL CAPPOLA et al., Appellants. [674 NYS2d 181] —Order unanimously affirmed with costs. Memorandum: Plaintiffs commenced this action seeking damages for serious head injuries suffered by their infant son when he fell from a second-story window of their apartment to the concrete pavement 15 feet below. Defendants, the owners of the building or alleged agents of the owners, asserted as affirmative defenses that the negligence of plaintiffs caused their son's accident.

Supreme Court properly granted plaintiffs' motion to dismiss the affirmative defenses. Parents cannot be held liable to their children for the negligent failure to provide adequate supervision (*see, Holodook v Spencer*, 36 NY2d 35, 40-41). Further, "a third party cannot impose liability upon parents for contribution or indemnification unless the culpable act committed by the parents violated a duty owed to the world at large" (*McNamara v Banney*, 249 AD2d 950, 951). We reject defendants' contention that, as tenants, plaintiffs owed a duty to the world at large to maintain the windows in a manner that would prevent infant children from crawling through them and falling. The lease requires the owner to maintain and repair the leased premises as long as the condition requiring maintenance or repair is not caused by the tenant, and there is no proof that plaintiffs were responsible for the condition of the window from which their son fell. The record establishes that the owner exercised control over the windows by removing screens for cleaning, replacing screens with storm windows for the winter season, and, shortly after this accident, installing protective grates in several of the second-floor windows to prevent children from falling from the windows. Thus, the court properly dismissed the affirmative defenses (*see, Zikely v Zikely*, 98 AD2d 815, *affd* 62 NY2d 907; *McNamara v Banney, supra; Navaro v Ieraci*, 214 AD2d 713; *Wilson v Sears, Roebuck*

& Co., 126 AD2d 954; *Franklin v Krumanocker*, 114 AD2d 611). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Dismiss Pleading.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.