■ JULIEN D. DESHLER, an Infant, by His Father and Natural Guardian, STEVEN F. DESHLER, et al., Respondents, v EAST WEST RENOVATORS, INC., et al., Appellants. (And a Third-Party

Action.) [712 NYS2d 518] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered September 7, 1999, which, in an action to recover for burns sustained by the infant plaintiff when his bath water suddenly turned scalding hot, insofar as appealed from, granted plaintiff father's motion for summary judgment dismissing defendant building owner's and management company's counterclaim for contribution, unanimously affirmed, without costs.

The evidence is uncontradicted that the infant's babysitter, who had never before been asked to give the infant a bath, had no reason to know that the bathtub water was prone to suddenly turning scalding hot, and immediately turned off the water and removed the infant from the tub when such occurred. There being no evidence of any negligence on the part of the babysitter, the only possible basis for finding plaintiff father at fault for the infant plaintiff's injuries would be his failure to warn the babysitter about the problem with the hot water. Such claim, in effect, would hold the father liable for a failure to supervise the baby's bath, and, since the baby can have no such claim against the father neither can defendants (*see, Holodook v Spencer*, 36 NY2d 35). Concur—Rosenberger, J. P., Nardelli, Ellerin, Andrias and Saxe, JJ.