■ JOSHUA A. BECKER et al., Appellants, v UNIVERSITY PHYSICIANS OF BROOKLYN, INC., et al., Respondents. [762 NYS2d 277]

—In an action, inter alia, to recover damages for conversion, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Cammer, J.), entered March 29, 2002, as (a) denied their motion for leave to enter a judgment against the defendants upon their alleged default in answering, and (b) granted that branch of the cross motion of the defendants University Physicians of Brooklyn, Inc., and Daniel Zabel which was to dismiss the amended complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and to sever the counterclaims of, among others, the defendant University Physicians of Brooklyn, Inc., and direct that the counterclaims proceed to discovery and trial, and (2) from an order of the same court entered September 9, 2002, which, inter alia, granted the motion of the defendants David H. Gordon, Eugene Feigelson, Salvatore Sclafani, James Cottrell, Stephen Kamholtz, Lucy Cribben, Ross Clinchy, Ivan Lisnitzer, Stephen Kass, Peter Howanitz, and Kathy Rones pursuant to CPLR 3211 (a) (2) to dismiss the amended complaint insofar as asserted against them for lack of subject matter jurisdiction.

Ordered that the order entered March 29, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered September 9, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The respondents did not default in answering the amended complaint (see *S.D.I. Corp. v Fireman's Fund Ins. Cos.,* 208 AD2d 706 [1994]). In any event, even if they did default in answering, they established justifiable excuses therefor, and potentially meritorious defenses to the action (see *McNamara v Banney,* 227 AD2d 892 [1996]). Moreover, there is no indication that the plaintiffs were prejudiced by the alleged default (see *McKay v Longman,* 199 AD2d 941 [1993]; *Leogrande v Glass,* 106 AD2d 431 [1984]; *County of Nassau v Cedric Constr. Corp.,* 100 AD2d 890 [1984]). Under these circumstances, the court properly denied the plaintiffs' motion for leave to enter judgment.

The court also correctly granted that branch of the cross motion of the defendants University Physicians of Brooklyn, Inc., and Daniel Zabel (hereinafter UPB and Zabel) which was to dismiss the amended complaint insofar as asserted against them. Accepting the facts as alleged in the amended complaint as true, and according the plaintiffs the benefit of every possible favorable inference (see *Leon v Martinez,* 84 NY2d 83

[1994]), the amended complaint fails to state a cause of action against UPB and Zabel (*see* CPLR 3211 [a] [7]). Indeed, the plaintiffs' allegations regarding the conduct of UPB and Zabel were impermissibly vague and conclusory (*see Stoianoff v Gahona,* 248 AD2d 525 [1998]). Moreover, the affidavits the plaintiffs submitted in opposition to the cross motion failed to remedy the amended complaint's defects (*see Guggenheimer v Ginzburg,* 43 NY2d 268 [1977]; *Rovello v Orofino Realty Co.,* 40 NY2d 633 [1976]).

The court also correctly granted the remaining defendants' subsequent motion to dismiss the amended complaint insofar as asserted against them, since the court lacked subject matter jurisdiction over the controversy with respect to those defendants (*see* CPLR 3211 [a] [2]). Indeed, the court correctly determined that under the circumstances, those defendants, who were officials and employees of the State, acted in their official capacities in the exercise of governmental functions (*see Morell v Balasubramanian,* 70 NY2d 297 [1987]). Therefore, the action could only be maintained against them in the Court of Claims (*see Drought v New York State Psychiatric Inst.,* 206 AD2d 500 [1994]).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., S. Miller, Luciano and H. Miller, JJ., concur.