■ NELIDA MONTOYA, Appellant, v RICHMOND COUNTY AMBULANCE SERVICE, INC., et al., Respondents. [817 NYS2d 93]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated July 15, 2005, as granted the defendants' motion to vacate a judgment entered upon the defendants' default in appearing or answering the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was to vacate the corporate defendant's default in appearing or answering the complaint (*see* CPLR 5015 [a] [1]; *Franklin & Gringer v Andrea Doreen Ltd.,* 302 AD2d 426 [2003]; *Murphy v Mazel & White St. Mgt.,* 289 AD2d 546 [2001]; *FGB Realty Advisors v Norm-Rick Realty Corp.,* 227 AD2d 439 [1996]). The corporate defendant's assertion that it did not receive service of process due to an incorrect street address on file with the Secretary of State, as evidenced by the incorrect street address set forth in the summons, constituted a reasonable excuse for the default in answering (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 143 [1986]; *Spearman v Atreet Corp.,* 238 AD2d 194 [1997]; *Micarelli v Regal Apparel,* 52 AD2d 524 [1976]). Furthermore, the corporate defendant demonstrated a poten-

tially meritorious defense through the sworn affidavit of its president (*see Marinoff v Natty Realty Corp.,* 17 AD3d 412 [2005]; *Becker v University Physicians of Brooklyn,* 307 AD2d 243 [2003]).

Moreover, the Supreme Court properly granted that branch of the defendants' motion which was to vacate the individual defendant's default in appearing or answering the complaint since it lacked personal jurisdiction over the individual defendant (*see* CPLR 5015 [a] [4]). Service of process upon the individual defendant, which was effected pursuant to CPLR 308 (2) by delivering process to a person of suitable age and discretion at the individual defendant's actual place of employment and by purportedly mailing a copy thereto, was improper since it was mailed to an incorrect address (*see Avakian v De Los Santos,* 183 AD2d 687, 688 [1992]; *Foster v Cranin,* 180 AD2d 712 [1992]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.