■ NATALIE ROSE MAZZA, Plaintiff, and PAUL MAZZA, Plaintiff and Counterclaim Defendant-Respondent, v ED TOMPKINS PLUMBING CORP. et al., Defendants and Counterclaim Plaintiffs-Appellants. [862 NYS2d 549]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants and counterclaim plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Jamieson, J.), entered June 7, 2007, which granted the motion of the plaintiff and counterclaim defendant, Paul Mazza, to dismiss the counterclaims for failure to state a cause of action and (2), as limited by their brief, from so much of an order of the same court entered December 20, 2007, as denied that branch of their motion which was for leave to renew.

Ordered that the order entered June 7, 2007, is affirmed; and it is further,

Ordered that the order entered December 20, 2007, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Contrary to the appellants' contention, the factual allegations set forth in their counterclaims for indemnification and contribution against the respondent, Paul Mazza, merely sound in negligent supervision of the infant plaintiff (*see Deshler v East W. Renovators,* 275 AD2d 252 [2000]; *Burgess v Cappola,* 251 AD2d 1001 [1998]; *McNamara v Banney,* 249 AD2d 950, 951 [1998]; *Wilson v Sears, Roebuck & Co.,* 126 AD2d 954, 955

[1987]; *Zikely v Zikely,* 98 AD2d 815, 816 [1983], *affd* 62 NY2d 907 [1984]). Since New York does not recognize a cause of action based on negligent parental supervision, the appellants failed to state an actionable counterclaim against the respondent and his motion to dismiss the counterclaims was properly granted (*see Rios v Smith,* 95 NY2d 647, 651 [2001]; *LaTorre v Genesee Mgt.,* 90 NY2d 576, 579 [1997]; *Holodook v Spencer,* 36 NY2d 35 [1974]).

Furthermore, the Supreme Court did not err in its determination to reject the supplemental documentary submissions proffered by the appellants in further support of that branch of their motion which was for leave to renew (*see* CPLR 2214 [c]; *Flores v Stankiewicz,* 35 AD3d 804, 805 [2006]), or in its conclusion, in any event, that those submissions would not warrant the granting of renewal and the reinstatement of their counterclaims. Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.