Martinez v Kaz USA, Inc. (2020 NY Slip Op 02776)





Martinez v Kaz USA, Inc.


2020 NY Slip Op 02776


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-03572
 (Index No. 11203/14)

[*1]Victor Martinez, etc., plaintiff third-party defendant-appellant, K
v
az USA, Incorporated, et al., defendants third-party plaintiffs-respondents; Michelle Martinez, etc., third-party defendant-appellant.


Kantrowitz, Goldhamer & Graifman, P.C., Chestnut Ridge, NY (Louis B. Gerber of counsel), for plaintiff third-party defendant-appellant.
Raimond & Wong, LLC, New York, NY (Timothy J. Staines of counsel), for third-party defendant-appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Merril S. Biscone of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiff third-party defendant and the third-party defendant separately appeal from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated January 31, 2019. The order denied their separate motions for summary judgment dismissing the third-party complaint insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs, and the separate motions of the plaintiff third-party defendant and the third-party defendant for summary judgment dismissing the third-party complaint insofar as asserted against each of them are granted.
In March 2014, the then-10-month-old infant plaintiff allegedly was injured when she knocked over a humidifier and hot water spilled onto her foot. The infant's father had placed the humidifier on the living room floor before leaving the apartment with the infant's five-year-old sibling. The infant's mother was in the living room when the accident occurred. In August 2014, this action to recover damages for the infant's injuries was commenced against the defendants, which allegedly manufactured and sold the humidifier. In December 2015, the defendants commenced a third-party action against the parents for contribution. Following the completion of discovery, the parents separately moved for summary judgment dismissing the third-party complaint insofar as asserted against each of them on the ground that it failed to state a cause of action. In an order dated January 31, 2019, the Supreme Court denied the motions. We reverse.
There is no legally cognizable cause of action to recover damages for injuries suffered by a minor child against his or her parent for negligent supervision (see Rios v Smith, 95 NY2d 647, 651; LaTorre v Genesee Mgt., 90 NY2d 576, 579; Lafia v Baldwin Summer Program Assn., Inc., 77 [*2]AD3d 711, 712; Wheeler v Sears Roebuck & Co., 37 AD3d 710, 711; see also General Obligations Law § 3-111). Additionally, where a secondary right of contribution is dependent upon "the parent's alleged failure to perform a duty owing to the plaintiff child, the absence of the primary cause of action defeats the . . . third-party complaint" (Holodook v Spencer, 36 NY2d 35, 51; see Thurel v Varghese, 207 AD2d 220). Although there is an exception when the parent's conduct implicates a duty owed to the public at large (see Siragusa v Conair Corp., 153 AD3d 1376, 1377; Maldonado v Newport Gardens, Inc., 91 AD3d 731, 732), the acts complained of in the third-party complaint were encompassed within the intrafamily immunity for negligent supervision (see McNamara v Banney, 249 AD2d 950, 951; see also Zikely v Zikely, 98 AD2d 815, affd 62 NY2d 907). Accordingly, the Supreme Court should have granted the parents' separate motions for summary judgment dismissing the third-party complaint insofar as asserted against each of them.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court