Nicotra v CNY Family Care, LLP (2020 NY Slip Op 03360)





Nicotra v CNY Family Care, LLP


2020 NY Slip Op 03360


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


1234 CA 19-00753

[*1]DESIREE NICOTRA, PLAINTIFF-RESPONDENT,
v
CNY FAMILY CARE, LLP, ET AL., DEFENDANTS, ST. JOSEPH'S HOSPITAL HEALTH CENTER, MARTIN WALDRON, M.D., AND EMERGENCY CARE SERVICES OF NY, P.C., DEFENDANTS-APPELLANTS.
ST. JOSEPH'S IMAGING ASSOCIATES, PLLC, EMERGENCY CARE SERVICES OF NY, P.C., MARTIN WALDRON, M.D., AND JOSEPH MARKHAM, M.D., THIRD-PARTY PLAINTIFFS,CHIROPRACTIC WELLNESS, PLLC AND FREDERICK GARDNER, THIRD-PARTY DEFENDANTS. 
CHIROPRACTIC WELLNESS, PLLC, AND FREDERICK GARDNER, FOURTH-PARTY PLAINTIFFS-APPELLANTS,
v
CNY FAMILY CARE, LLP, ET AL., FOURTH-PARTY DEFENDANTS, ST. JOSEPH'S HOSPITAL HEALTH CENTER, MARTIN WALDRON, M.D., AND EMERGENCY CARE SERVICES OF NY, P.C., FOURTH-PARTY DEFENDANTS-RESPONDENTS. 






NAPIERSKI, VANDENBURGH, NAPIERSKI & O'CONNOR, LLP, ALBANY (MARK J. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT, THIRD-PARTY PLAINTIFF AND FOURTH-PARTY DEFENDANT-RESPONDENT EMERGENCY CARE SERVICES OF NY, P.C.
MAGUIRE CARDONA, P.C., ALBANY (PATRICK A. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT AND FOURTH-PARTY DEFENDANT-RESPONDENT ST. JOSEPH'S HOSPITAL HEALTH CENTER.
GALE GALE & HUNT, LLC, SYRACUSE (KATHERINE A. BUCKLEY OF COUNSEL), FOR DEFENDANT-APPELLANT, THIRD-PARTY PLAINTIFF AND FOURTH-PARTY DEFENDANT-RESPONDENT MARTIN WALDRON, M.D.
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., NEW YORK CITY (JAMES M. SKELLY OF COUNSEL), FOR THIRD-PARTY DEFENDANTS AND FOURTH-PARTY PLAINTIFFS-APPELLANTS. 
CHERUNDOLO LAW FIRM, PLLC, SYRACUSE (ROBIN C. ZIMPEL-FONTAINE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from a second amended order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered October 12, 2018. The second amended order, among other things, granted the motion of defendant-fourth-party defendant St. Joseph's Hospital Health Center, and the motions of defendants-third-party plaintiffs-fourth-party defendants Martin Waldron, M.D. and Emergency Care Services of NY, P.C. for summary judgment dismissing the fourth-party complaint against them. 
It is hereby ORDERED that the second amended order so appealed from is unanimously modified on the law by denying in part the motion of defendant-fourth-party defendant St. Joseph's Hospital Health Center for summary judgment dismissing the fourth-party complaint against it and reinstating the cause of action for contribution against it, and by denying in part the motions of defendants-third-party plaintiffs-fourth-party defendants Martin Waldron, M.D. and Emergency Care Services of NY, P.C., for summary judgment dismissing the fourth-party complaint against them and reinstating the cause of action for contribution against them, and converting that cause of action against them to a third-party counterclaim, and as modified the second amended order is affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice and negligence action seeking damages for injuries that she sustained as a result of the alleged negligent failure of, among others, defendants-third-party plaintiffs-fourth-party defendants Martin Waldron, M.D. and Emergency Care Services of NY, P.C. (ECS) and defendant-fourth-party defendant St. Joseph's Hospital Health Center (St. Joseph's) (collectively, hospital defendants), and third-party defendants-fourth-party plaintiffs Frederick Gardner and Chiropractic Wellness, PLLC (collectively, chiropractic defendants) to timely diagnose and treat the compression of plaintiff's spinal cord. In two complaints, which were consolidated into a single action, plaintiff asserted, inter alia, causes of action against the hospital defendants and the chiropractic defendants for professional negligence, medical malpractice and failure to obtain informed consent. The complaints included allegations that the negligence of those defendants caused plaintiff to sustain injuries to her spine after she received chiropractic treatment for neck pain from Gardner on June 6 and 7, 2012 and, after her condition worsened, she received additional treatment at St. Joseph's by Waldron on June 8, 2012. The hospital defendants and the chiropractic defendants appeal from a second amended order that denied the hospital defendants' respective motions for summary judgment dismissing plaintiff's complaints against them and granted the hospital defendants' respective motions for summary judgment dismissing the fourth-party complaint of the chiropractic defendants.
After the action was commenced against the chiropractic defendants, plaintiff and the chiropractic defendants entered into an arbitration stipulation, which provided that they agreed to "arbitrate all issues between them." Subsequently, a panel of arbitrators determined that Gardner was negligent and that his negligence was a substantial factor in causing plaintiff's injury, and they awarded plaintiff damages against Gardner.
Following the arbitration, in an order entered March 27, 2018, Supreme Court, inter alia, granted plaintiff's motion to discontinue her action against the chiropractic defendants, granted Waldron's cross motion to convert his cross claims against the chiropractic defendants to a third-party action, and converted ECS's cross claims against the chiropractic defendants to "third-party claims." The court denied the chiropractic defendants' cross motion for, inter alia, leave to amend their answer to assert cross claims against the hospital defendants, but the court granted the chiropractic defendants "leave to commence a Fourth-Party action." The chiropractic defendants, who had thus been removed from the first-party action and had become third-party defendants, then filed a fourth-party complaint against the hospital defendants and others seeking, inter alia, contribution.
Now, in their respective appeals, the hospital defendants contend that the court erred in denying their respective motions for summary judgment dismissing plaintiff's complaints against them. Specifically, the hospital defendants contend that the doctrine of collateral estoppel precludes plaintiff from relitigating the issue of damages because that issue was previously decided during plaintiff's arbitration proceeding with the chiropractic defendants. We reject that contention. The doctrine of collateral estoppel, which bars the relitigation of "an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment" (Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72 [2018] [internal quotation marks omitted]), "comes into play when four conditions are fulfilled: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits' " [*2](Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015], rearg denied 25 NY3d 1193 [2015]).
Although we agree with the hospital defendants that the doctrine of collateral estoppel may be invoked based upon an arbitration award (see Hagopian v Karabatsos, 157 AD3d 1020, 1022 [3d Dept 2018]; Rozewski v Trautmann, 151 AD3d 1945, 1946 [4th Dept 2017]), we conclude that the hospital defendants, as the party seeking to invoke that doctrine, failed to meet their initial burden of establishing that the issues addressed during the arbitration proceeding are identical to the issues in the litigation involving the hospital defendants (see generally Matter of Dunn, 24 NY3d 699, 704 [2015]). The hospital defendants failed to establish that plaintiff's causes of action against the chiropractic defendants and the hospital defendants arise from the same facts and resulted in the same damages, and they failed to establish that plaintiff had a full and fair opportunity to litigate the issue of damages with respect to the hospital defendants during the arbitration with the chiropractic defendants (cf. Bell v New York State Dormitory Auth., 183 AD2d 530, 531 [1st Dept 1992]).
We also reject the contentions of the hospital defendants that the arbitration stipulation entered into by plaintiff and the chiropractic defendants and the related arbitration documents, including plaintiff's motion to discontinue the action against the chiropractic defendants, constitute a release or covenant under General Obligations Law § 15-108. Section 15-108 provides that "[a] release or covenant not to sue between a plaintiff or claimant and a person who is liable in tort shall be deemed a release or covenant for the purposes of this section only if: (1) the plaintiff or claimant receives, as part of the agreement, monetary consideration greater than one dollar; (2) the release or covenant completely or substantially terminates the dispute between the plaintiff or claimant and the person who was claimed to be liable; and (3) such release or covenant is provided prior to entry of judgment" (§ 15-108 [d]). Here, plaintiff did not receive monetary consideration greater than one dollar for entering into the arbitration stipulation or the related arbitration documents (see § 15-108 [d] [1]), and the arbitration stipulation and related arbitration documents did not "completely or substantially terminate[] the dispute" between plaintiff and the chiropractic defendants (§ 15-108 [d] [2]). Rather, they resulted in a continuation of plaintiff's litigation against the chiropractic defendants in a different forum, i.e., arbitration.
Inasmuch as the hospital defendants failed to meet their respective burdens of establishing their entitlement to summary judgment on the basis of collateral estoppel (see Zayatz v Collins, 48 AD3d 1287, 1290 [4th Dept 2008]), and the arbitration stipulation and related arbitration documents do not constitute a covenant or release pursuant to General Obligations Law § 15-108, we reject the further contentions of the hospital defendants that the doctrine of collateral estoppel and section 15-108, operating together, preclude plaintiff from recovering damages against the hospital defendants.
In their appeal, the chiropractic defendants contend that the court erred in granting those parts of the motions of Waldron and ECS for summary judgment dismissing the cause of action against them in the fourth-party complaint for contribution. A contribution cause of action "may be asserted in a separate action or by cross-claim, counterclaim, or third-party claim in a pending action" (CPLR 1403). The chiropractic defendants were named as third-party defendants in the third-party action commenced by St. Joseph's Imaging Associates, PLLC, which is a different entity than St. Joseph's, and, although Waldron and ECS were not initially named as parties in the third-party action, they asserted cross claims for contribution against the chiropractic defendants. In the order entered March 27, 2018, the court converted those cross claims into third-party claims, and Waldron and ECS were added to the caption in the third-party action as third-party plaintiffs. Inasmuch as the chiropractic defendants, Waldron and ECS are all parties in the third-party action, the proper mechanism for the chiropractic defendants to seek contribution from Waldron and ECS would be asserting a counterclaim in the third-party action (see CPLR 1008). Furthermore, because Waldron and ECS were already parties in the third-party action, the chiropractic defendants were precluded from bringing a fourth-party action against them (see generally CPLR 1007; McNamara v Banney, 227 AD2d 892, 892 [4th Dept 1996]). Here, however, it appears that the chiropractic defendants brought the fourth-party action against Waldron and ECS, instead of asserting a counterclaim in the third-party action, in order to comply with the order entered March 27, 2018. Under these circumstances, we therefore modify the second amended order by denying in part the motions of Waldron and ECS for summary judgment dismissing the fourth-party complaint, reinstating the cause of action against [*3]them for contribution, and converting that cause of action against them into counterclaims against them in the third-party action.
We also agree with the chiropractic defendants that the court erred in granting that part of St. Joseph's motion for summary judgment seeking to dismiss the cause of action for contribution against St. Joseph's in the fourth-party complaint. St. Joseph's, unlike Waldron and ECS, was not a party to the third-party action, and thus the chiropractic defendants are not precluded from bringing a fourth-party action against St. Joseph's (see generally CPLR 1007; cf. McNamara, 227 AD2d at 892). We therefore further modify the second amended order by denying in part the motion of St. Joseph's for summary judgment dismissing the fourth-party complaint against it and reinstating the cause of action against it for contribution.
We have considered the chiropractic defendants' remaining contentions and conclude that they do not require reversal or further modification of the second amended order.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court