Nagi v Ahmed (2022 NY Slip Op 04461)

Nagi v Ahmed

2022 NY Slip Op 04461

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

374 CA 21-01437

[*1]NABELA NAGI, PLAINTIFF-APPELLANT,
v
AMRO AHMED, DEFENDANT-RESPONDENT. 

HEGGE & CONFUSIONE, LLC, NEW YORK CITY (MICHAEL CONFUSIONE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GABRIELE LAW, PLLC, BUFFALO (VANESSA C. GABRIELE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered September 17, 2021. The order, inter alia, granted defendant's cross motion and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this action seeking to vacate in part an amended judgment of divorce entered in 2018 and to set aside the parties' property settlement agreement (agreement), which was incorporated but not merged into the amended judgment of divorce. The complaint alleges, among other things, that plaintiff signed the agreement due to "extraordinary duress and pressure" exerted on her by defendant, among other people, and that the terms of the agreement are so favorable to defendant as to render it unconscionable and thus unenforceable.
Following joinder of issue, plaintiff moved to compel discovery and defendant cross-moved for summary judgment on his affirmative defenses seeking to dismiss the complaint on the grounds of collateral estoppel and ratification. Supreme Court granted the cross motion, concluding that plaintiff was collaterally estopped from challenging the agreement because she sought similar relief by way of a motion she filed in July 2018 seeking to modify certain provisions of the agreement and to enforce others. The court did not address the affirmative defense of ratification. Plaintiff appeals, and we reverse.
" 'Collateral estoppel applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits' " (Lowes v Anas, 195 AD3d 1579, 1580 [4th Dept 2021]; see Alamo v McDaniel, 44 AD3d 149, 153 [1st Dept 2007]). Here, the motion that plaintiff filed in July 2018 did not seek to vacate the amended judgment of divorce or to set aside the agreement. The issues in this action are not identical to those raised by plaintiff in her motion, and defendant thus failed to meet his initial burden on his cross motion of establishing that collateral estoppel precludes plaintiff from challenging the agreement (see Lowes, 195 AD3d at 1581-1582; Nicotra v CNY Family Care, LLP, 184 AD3d 1191, 1192-1193 [4th Dept 2020]).
To the extent that defendant contends, as an alternative ground for affirmance, that this action is barred by res judicata because plaintiff could have pursued her current claims in the 2018 motion, we reject that contention. A party seeking to set aside a settlement agreement must do so in a plenary action; " 'such relief cannot be obtained on motion' " (Peroni v Peroni, 189 AD3d 2058, 2059-2060 [4th Dept 2020]; see Christian v Christian, 42 NY2d 63, 72 [1977]; Gaines v Gaines, 148 AD2d 1048, 1048 [4th Dept 1992]). Moreover, although plaintiff did [*2]commence a plenary action in August 2018 to set aside the agreement on grounds of fraud, duress, and overreaching, she abandoned that action, and a final judgment was never entered on it. The doctrine of res judicata requires, among other things, "a valid final judgment" on a prior action between the parties (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]), which is lacking here. There has never been a determination on the merits of plaintiff's claims that she signed the agreement under duress and that the agreement is unconscionable.
Finally, we reject defendant's contention, raised as an alternative ground for affirmance, that the court properly granted the cross motion because plaintiff ratified the agreement by acquiescing in it and receiving the benefits under it for a considerable period of time (see generally Beutel v Beutel, 55 NY2d 957, 958 [1982]; Korngold v Korngold, 26 AD3d 358, 359 [4th Dept 2006], lv dismissed 7 NY3d 861 [2006]). "[A] divorce settlement tainted by duress is void ab initio (Angeloff v Angeloff, 56 NY2d 982 [1982]), not merely voidable, and is, therefore, not subject to ratification by the mere passage of time" (Perl v Perl, 126 AD2d 91, 96 [1st Dept 1987]). Moreover, we note that plaintiff received only meager benefits under the agreement, which awarded sole custody of the parties' children to defendant and awarded no maintenance to plaintiff despite a long-term marriage. Although plaintiff is not obligated to pay child support under the agreement, she was unemployed at the time of the divorce action, and thus her child support obligation would have been minimal. In return for her share of two family businesses and the marital residence, which was valued at $149,000 with no encumbrances, plaintiff received a lump sum payment of $15,000. The only other asset received by plaintiff through equitable distribution was a seven-year-old used motor vehicle.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court