R. F. v County of Westchester (2023 NY Slip Op 04750)

R. F. v County of Westchester

2023 NY Slip Op 04750

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-03699
 (Index No. 69518/18)

[*1]R. F., etc., plaintiff, 
v
County of Westchester, et al., defendants second third-party plaintiffs-appellants, et al., defendants; Lisa Friedman, second third-party defendant-respondent (and another third-party action).

Freeman Mathis & Gray, LLP, New York, NY (John M. Badagliacca and Paul Piantino III of counsel), for defendants second third-party plaintiffs-appellants.
Kelly, Luglio & Arcuri, LLP, Deer Park, NY (Andrew A. Arcuri of counsel), for second third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants second third-party plaintiffs appeal from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated March 31, 2021. The order, insofar as appealed from, granted that branch of the second third-party defendant's cross-motion which was pursuant to CPLR 3211(a) to dismiss the second third-party complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2018, the plaintiff, an infant, was injured when her finger became stuck in a moving baggage carousel at the Westchester County Airport. The plaintiff, by her father and natural guardian, subsequently commenced this action to recover damages for personal injuries against, among others, the defendants County of Westchester and AFCO AvPorts Management, LLC (hereinafter together the appellants). The appellants commenced a second third-party action against the plaintiff's mother (hereinafter the mother), inter alia, alleging negligent supervision of the plaintiff. The appellants moved, among other things, for leave to enter a default judgment against the mother. The mother cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the second third-party complaint. In an order dated March 31, 2021, the Supreme Court, among other things, granted that branch of the mother's cross-motion which was pursuant to CPLR 3211(a) to dismiss the second third-party complaint. The court determined that the second third-party complaint, [*2]sounding in negligent supervision of the plaintiff, did not state a cognizable cause of action.
"In assessing a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, a court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Bonavita v Government Empls. Ins. Co., 185 AD3d 892, 893, quoting Leon v Martinez, 84 NY2d 83, 87-88).
"It is well settled that 'a parent cannot be held secondarily liable for contribution to third parties for damages resulting from failing to supervise his or her child'" (Horan v Brown, 43 AD3d 608, 609, quoting Keohan v Di Paola, 97 AD2d 596, 597; see Holodook v Spencer, 36 NY2d 35, 51). However, there is a very narrow exception to this rule, in that there is a "duty by a parent to protect third parties from harm resulting from an infant child's improvident use of a dangerous instrument, at least, and perhaps especially, when the parent is aware of and capable of controlling its use" (Nolechek v Gesuale, 46 NY2d 332, 336; see LaTorre v Genesee Mgt., 90 NY2d 576, 581).
Here, the appellants failed to state an actionable cause of action against the mother based upon negligent supervision (see Siragusa v Conair Corp., 153 AD3d 1376, 1377; Mazza v Ed Tompkins Plumbing Corp., 53 AD3d 599, 600). Further, this case does not fall within the narrow negligent entrustment exception, as the pleadings do not allege that the mother entrusted the then two-year-old plaintiff with the improvident use of a dangerous instrument. "Whether a particular object qualifies as a dangerous instrument depends on the nature of the instrument and the facts pertaining to its use, including the particular attributes of the minor using or operating the item" (Rios v Smith, 95 NY2d 647, 653). Here, the appellants did not allege that the plaintiff was operating the baggage carousel as one might operate a motor vehicle (see Rios v Smith, 95 NY2d 647; Nolechek v Gesuale, 46 NY2d 332; Acquaviva v Piazzolla, 100 AD2d 502), nor that she was using the baggage carousel as one might use a swimming pool (see Young v Greenberg, 181 AD2d 492). Instead, in effect, the appellants alleged that the mother negligently permitted the plaintiff to wander too close to the baggage carousel, and because of this proximity, the plaintiff was in a position where her right index finger was able to become stuck in the carousel's moving parts. Accordingly, contrary to the appellants' contention, the Supreme Court correctly determined that this allegation did not sound in negligent entrustment of a dangerous instrument, but solely in negligent supervision (see Mazza v Ed Tompkins Plumbing Corp., 53 AD3d at 600), and properly granted that branch of the mother's cross-motion which was to dismiss the second third-party complaint.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court